IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02403-GPG
(**The above civil action number must appear on all future papers sent to the court in this action.   Failure to include this number may result in a delay in the consideration of your claims.**)

JONATHAN BELL,

    Petitioner,

v.

[NO RESPONDENT NAMED],

    Respondent.

---

ORDER DIRECTING PETITIONER TO CURE DEFICIENCIES

---

    Petitioner, Jonathan Bell, is detained in the Arapahoe County Detention Facility. He has submitted a Letter (ECF No. 1), in which he states that he has been denied his constitutional rights in a state criminal case.   Therefore, this civil action has been commenced.   However, it is not clear whether Mr. Bell is a pre-trial detainee or a convicted prisoner.

    "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."   *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).   If Mr. Bell is a pre-trial detainee, he may challenge the legality of his pre-trial custody in an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.   *See Yellowbear v. Wyoming Atty. General*, 525 F.3d 921, 924 (10th Cir. 2008) (citing *Wack v. Edmondson*, 472 F.3d 1227, 1235 (10th Cir.2007)).   By contrast, if Mr. Bell is a convicted prisoner who seeks to

challenge the validity of his conviction or sentence, he may do so in an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the documents are deficient as described in this order.  Petitioner will be directed to cure the following if he wishes to pursue any claims in this action.  Any papers that Petitioner files in response to this order must include the civil action number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)  xx   is not submitted
(2)  ___  is missing affidavit
(3)  ___  is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  xx   is missing certificate showing current balance in prison account
(5)  ___  is missing required financial information
(6)  ___  is missing authorization to calculate and disburse filing fee payments
(7)  ___  is missing an original signature by the prisoner
(8)  ___  is not on proper form (must use the court's current form)
(9)  ___  names in caption do not match names in caption of complaint, petition or habeas application
(10) xx   other: motion and supporting documents are necessary only if $5.00 filing fee is not paid in advance.

**Complaint, Petition or Application**:
(11) xx   is not submitted
(12) ___  is not on proper form
(13) ___  is missing an original signature by the prisoner
(14) ___  is missing page nos. ____
(15) ___  uses et al. instead of listing all parties in caption
(16) ___  names in caption do not match names in text
(17) ___  addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(18) ___  other: _____.

Accordingly, it is

ORDERED that Petitioner cure the deficiencies designated above **within thirty**

**(30) days from the date of this order**.   Any papers that Petitioner files in response to this order must include the civil action number on this order.   It is

FURTHER ORDERED that Petitioner shall obtain the court-approved form for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (or pay the $5.00 filing fee), as well as the form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 or an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   Mr. Bell shall advise the Court if he is unable to obtain the forms from the Court's website. It is

FURTHER ORDERED that, if Petitioner fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice.   The dismissal shall be without prejudice.

DATED November 2, 2015, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher
United States Magistrate Judge